(No. 77-CC-0961—)

JOHN DOZIER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 6, 1981.*

JOHN DOZIER, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (SUE MUELLER and WILLIAM E. WEBBER, Assistant Attorneys General, of counsel), for Respondent.

ROE, C. J.

Claimant seeks from Respondent the payment of the sum of $1,000.00 for moving expenses when Claimant, as an employee of the State of Illinois, he was transferred from one geographic area (Mill Shoals, Illinois—District 9) to another (Island Lake District 22), a distance of 315 miles. This claim was filed June 8, 1977.

This case was originally set for hearing on November 8, 1979, in White County, at Carmi, Illinois, but that setting was cancelled at Claimant's request. Thereafter, the matter was set for February, 7, 1980, at Harrisburg in Saline County, Illinois, and a hearing was held at that time. No briefs have been received from either the Claimant or the Attorney General's office.

Dozier testified that he was a revenue collection officer with the Illinois Department of Revenue and his duties were to effect tax collections for the Illinois Department of Revenue. At the time of his move, he had been employed by the State for approximately six years.

Claimant testified that he received a letter from the

Director of Revenue, Robert Allphin, informing him that he was transferred from Marion, Illinois to Wheaton, Illinois, effective October 1, 1975.

The letter, dated September 8, 1975, was admitted in evidence and states as follows:

"You are hereby notified that effective October 1, 1975, you are transferred to the District No. 2 office located at 421 North County Farm Road in Wheaton, Illinois. Please report to Mr. James Book, District Tax Administrator, at 8:30 a.m. on the effective date."

Claimant testified that at the time he received the notice of transfer he filed a court case against the Department, objecting to the transfer, but ultimately moved in May or the first part of June in 1976.

In a memo prepared by the Claimant and attached to the claim in this cause the Claimant set forth in narrative form his computations as to the moving expenses. His expenses included the following:

| | |
|---|---|
| Material Cost for Construction of moving trailer: | $ 300.00 |
| Labor constructing trailer (20 hours at $8.00/hour): | 160.00 |
| Cover for trailer: | 22.00 |
| Cost differential for purchase of new car necessitated by damage during moving: | 1,300.00 |
| Damage to furniture in moving due to hole in trailer cover: | 350.00 |
| Four complete round-trips and one trip one-way: 2,835 miles at 20 cents per mile: | 567.00 |
| Sixty hours driving time at $5.00/hour: | 300.00 |
| Repair of trailer cover: | 57.00 |
| TOTAL | $3,056.00 |

Claimant claims $1,000.00 for moving expense and argues that a co-employee moved to an area close to where Claimant moved (25 miles less distance) and was afforded $1,700.00 in moving expenses.

Claimant was unable to provide any documentation consisting of receipts for bills, cancelled checks or other documentation tending to establish the expenditure of funds claimed by him and alluded to by his memo of March 10, 1977. Claimant states the differential in trading cars set forth by him in his memo is not included by him in justifying any part of this claim. Claimant justifies his mileage charge at the rate of 20 cents per mile based on "professional carrier people" charges at the time of the move. Claimant admits that the State rate for travel at that time was 12 or 13 cents per mile. Claimant claims that the damage to his trailer cover of $57.00 is part of his claim because the trailer cover wore out having "simply mildewed from being stored." Claimant had no documentation tending to support his conclusion that the welding work he did to build the trailer for moving purposes should have been compensated at the rate of $8.00 per hour. Claimant had no documentation tending to support his conclusion that public carriers engaged in the business of moving people at or about the time of Claimant's move were charging 20 cents per mile and $5.00 an hour. Claimant said he had documentation relative to his purchase or expenditures regarding the trailer that he constructed.

Claimant submitted a group exhibit 3, consisting of quite a large number of letters and items tending to show that he did in fact move to Wauconda in connection with his change of location for job purposes.

Claimant argues that the personnel rules of the State of Illinois require that the State reimburse employees for

reasonable moving expenses. Claimant stated that he had oral authorization from his immediate supervisor to move and relocate, but he did not specifically have authorization to build the trailer or authorization to move in the manner which he chose to move.

The Court has been furnished with no arguments or authority on behalf of the Attorney General's office regarding the applicable rules and regulations with respect to travel reimbursement.

At the hearing, the Commissioner was provided with a rules pamphlet purporting to be issued by the Department of Personnel in Springfield, bearing a revision date showing an effective date of June 1, 1975. Rule 2—430 under "Employee Transfers" provides as follows:

*"GEOGRAPHICAL TRANSFER*

Geographical transfer is the transfer of an employee from one geographical location in the State to another for the performance of duties other than temporary assignments or details for the convenience of the employers. Geographical transfers shall be made only with the approval of the Director. An employee who refuses to accept a geographical transfer must report for duty at the new location but may make written appeal of such transfer to the Civil Service Commission within 15 days after the effective date of the transfer. An employee shall be reimbursed for all reasonable transportation and moving expense incurred in moving to a new location because of permanent geographical transfer unless such transfer was applied for by the employee."

Claimant has failed to show to the Court any authority for his claim other than the above-quoted Section. It is impossible from the record in this cause for the Court to adjudicate whether Claimant is entitled to moving expenses and if so, the computation of the expenses upon which he is entitled reimbursement. We find that Claimant has failed to meet his requisite burden of proving entitlement to the amount claimed or any amount. Therefore, this claim is hereby denied.